UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

URIEL ALVAREZ-MENESES,

                Petitioner,                Case No. 1:26-cv-888

v.                                     Honorable Jane M. Beckering

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

### I.    **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner, reinstate his prior bond, or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID17.)

In an order entered on March 25, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 5.) Respondents filed their response on March 30, 2026, and a recording of the December 22, 2025 bond hearing on April 13, 2026. (Resp., ECF No. 6; Recording of Dec. 22, 2025 Bond Hearing, ECF No. 9.) Petitioner filed his reply on March 31, 2026 (ECF No. 7), and submitted supplemental evidence containing the evidence he submitted at the December 22, 2025 bond hearing, on April 14, 2026, (ECF No. 10).

## II.    Relevant Factual Background

Petitioner is a citizen of Mexico who entered the United States in 2005, at an unknown location without inspection. (Pet., ECF No. 1, PageID.5; Notice to Appear (NTA), ECF No. 6-1, PageID.78.) On December 12, 2024, Petitioner was initially arrested by ICE and placed in removal proceedings. (Pet., ECF No. 1, PageID.6.) On February 6, 2025, the Chicago Immigration Court granted Petitioner a bond and he was released from ICE custody on March 6, 2025. (*Id*.; Order of the Immigration Judge (IJ), ECF No. 1-2, PageID.22.)

On October 4, 2025, Petitioner was re-detained by ICE during Operation Midway Blitz while he was walking to a bus stop in Chicago. (*Id*.; 2025 Form I-213, ECF No. 6-4, PageID.88.)

On December 2, 2025, Petitioner filed a § 2241 petition challenging his detention without a bond hearing in *Alvarez-Meneses v. Raycraft* (*Alvarez-Meneses I*), No. 1:25-cv-1666 (W.D. Mich.). In *Alvarez-Meneses I*, the Court dismissed without prejudice Petitioner's petition for a writ of habeas corpus as moot, because Petitioner had a bond hearing pursuant to 8 U.S.C. § 1226(a) on December 22, 2025, which was the relief that he sought in his § 2241 petition. Op. & Jud., *Alvarez-Meneses I*, (W.D. Mich. Jan. 28, 2026), (ECF Nos. 19, 21). The IJ denied bond because Petitioner "is a danger due to his three DWI arrests." (Order of the IJ, ECF No. 1-3, PageID.25.)

On February 18, 2026, Petitioner filed a second § 2241 petition challenging the IJ's factual determinations related to the bond decision in *Alvarez-Meneses v. Dunbar (Alvarez-Meneses II)*, No. 1:26-cv-555 (W.D. Mich.). Because Petitioner's claims challenged the factual findings of the

IJ in the bond decision, and Petitioner did not argue that the procedures of the bond hearing violated his Due Process rights, the Court dismissed Petitioner's second § 2241 petition, finding that Petitioner must first exhaust his administrative remedies and file an appeal with the Board of Immigration Appeals (BIA) to address his claims related to the IJ's factual findings. Op. & Jud., *Alvarez-Meneses II*, (W.D. Mich. March 9, 2026), (ECF Nos. 7, 8).

### III.    Discussion

In Petitioner's § 2241 petition, Petitioner argues that the IJ did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on December 22, 2025. Specifically, Petitioner argues that the IJ failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the IJ applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

<u>Conclusion</u>

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:        April 17, 2026                     /s/ Jane M. Beckering
                                                 Jane M. Beckering
                                                 United States District Judge

3